USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
MARISE L. JEAN-LOUIS,                         :
                                              :
                         Plaintiff,           :        23-CV-3891 (VEC) (BCM)
                                              :
             -against-                        :        ORDER ADOPTING
                                              :        REPORT &
FOUNTAIN HOUSE,                               :        RECOMMENDATION
                                              :
                         Defendant.           :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 9, 2023, Plaintiff Marise L. Jean-Louis, proceeding *pro se*, sued Defendant Fountain House for violating Title VII of the Civil Rights Act of 1964 by firing her, allegedly because she refused to be vaccinated against COVID-19, Compl., Dkt. 1;

WHEREAS on August 8, 2023, Plaintiff filed a one-sentence motion asking the Court to "take judicial notice that no entity of any kind may pass any law, policy or order that defies Federal Law," Pl. Mot., Dkt. 12;

WHEREAS on August 18, 2023, Defendant moved to dismiss Plaintiff's complaint as untimely because it was filed more than 90 days after her receipt of a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), Dkt. 16;

WHEREAS on August 22, 2023, the Court referred this matter to Magistrate Judge Moses for general pre-trial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 18;

WHEREAS on September 23, 2023, Plaintiff opposed the motion to dismiss and moved for leave to amend her complaint; liberally construed, the amended complaint included claims for religious and racial discrimination under Title VII and the New York City Human Rights

1

Law, intentional infliction of emotional distress, and a violation of the First Amendment, Pl.

Mot. Am. Compl., Dkt. 24;

WHEREAS on October 10, 2023, Defendant filed a reply brief in further support of its

motion to dismiss and opposed Plaintiff's motion for leave to amend, Dkt. 26;

WHEREAS on October 26, 2023, Plaintiff submitted a reply brief in further opposition to

the motion to dismiss and in support of her motion for leave to amend, arguing that "excusable

neglect" prevented her from timely filing her initial complaint, Pl. Reply, Dkt. 31 at 2;

WHEREAS on October 26, 2023, Plaintiff moved to strike what she asserted were

Defendant's untruthful assertions of fact, *id*. at 9–10;

WHEREAS on November 15, 2023, Magistrate Judge Moses entered an R&R

recommending that the Court grant Defendant's motion to dismiss and deny Plaintiff's cross-

motion to amend, without prejudice to her refiling her state law claims in state court, R&R, Dkt.

32;

WHEREAS in the R&R, Magistrate Judge Moses recommended not ruling on Plaintiff's

motion for judicial notice and motion to strike, *id.* at 17 n.12;

WHEREAS in the R&R, Magistrate Judge Moses notified the parties that, pursuant to 28

U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to object to the R&R's

findings, *id.* at 18;

WHEREAS Magistrate Judge Moses further noted that failure to object would result in

both the waiver of objections and the preclusion of appellate review, *id.* (using bold font);

WHEREAS on December 16, 2023, after the Court had extended her deadline to do so,

Dkt. 34, Plaintiff objected to the R&R, Pl. Obj. Dkt. 35;

WHEREAS on January 4, 2024, Defendant responded to Plaintiff's objections, Dkt. 36;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS when objections are "merely perfunctory responses argued in an attempt to . . . rehash[ ] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.");

WHEREAS Plaintiff's objections simply repeat the arguments she made to the Magistrate Judge, *compare* Pl. Reply at 5 (arguing that deficiencies in pleading should be excused based on *pro se* status) *with* Pl. Obj. at 1 (same); *compare* Pl. Reply at 2 (arguing that excusable neglect permits courts to overlook delay or error) *with* Pl. Obj. at 2 (same); *compare* Pl. Mot. Am. Compl. at 7 *and* Pl. Reply at 4–5 (stating that Title VII prohibits religious discrimination) *with* Pl. Obj. at 4–5 (same); *compare* Pl. Reply at 4 (arguing that non-profit organizations may be considered state actors) *with* Pl. Obj. at 6 (same); *compare* Pl. Mot. Am.

Compl. at 4 *and* Pl. Reply at 7–8 (arguing that federal court has supplemental jurisdiction over state law claims) *with* Pl. Obj. at 6–7 (same);

WHEREAS because Plaintiff's objections are perfunctory and not substantive, the Court may accept the R&R if there is no clear error on the face of the record;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned R&R reveals that there is no clear error as to the recommendation that Defendant's motion to dismiss be granted and that Plaintiff's motion for leave to file an amended complaint be denied.[1]

While Plaintiff focuses on the circumstances surrounding her filing this lawsuit more than 90 days after receipt of the right to sue letter, her objection clarifies that, rather than having been misled by court staff to file her lawsuit in the incorrect court, Pl. Reply at 2, she made "a stupid mistake" in following court staff's directions and doing so caused her initially to file the complaint in state court instead of federal court, Pl. Obj. at 3. But even if the Court credited her explanation, "a petitioner relying on incorrect advice is not an extraordinary circumstance" warranting equitable tolling.[2] *Wood v. Conway*, 2010 WL 11723617, at *4 (S.D.N.Y. May 12, 2010), *report and recommendation adopted*, 2011 WL 2802933 (S.D.N.Y. July 14, 2011) (*pro se* prisoner's delay in filing habeas petition because of inmate clerk's incorrect guidance did not

---

[1]     The Court agrees with the Magistrate Judge that it is unnecessary to rule on Plaintiff's request for judicial notice, Pl. Mot., Dkt. 12, and her request to strike unspecified portions of Defendant's response, Pl. Reply, Dkt. 31 at 9–10. With dismissal of the Complaint and denial of the motion to amend, those motions are moot.

[2]     Plaintiff argues that Magistrate Judge Moses improperly applied the doctrine of equitable tolling to evaluate her claim of excusable neglect. Pl. Obj., Dkt. 35 at 2. But as the R&R explains, courts evaluate whether it is appropriate to excuse an untimely filing through the doctrine of equitable tolling. R&R, Dkt. 32 at 9–10. Equitable tolling is appropriate only in "rare and exceptional circumstance[s]." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

4

warrant equitable tolling).  Title VII's 90-day deadline is strict, regardless of a plaintiff's *pro se* status.  *See* R&R at 9 (collecting cases).  Moreover, there was nothing "improper" about Plaintiff filing in state court.  New York Supreme Court has jurisdiction to adjudicate Plaintiff's Title VII claim.  *See Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 821 (1990).

IT IS HEREBY ORDERED that the R&R is ADOPTED.  Defendant's motion to dismiss is GRANTED, and Plaintiff's motion for leave to amend is DENIED.  Plaintiff's complaint is dismissed without prejudice to Plaintiff pursuing her state law claims in state court.

IT IS FURTHER ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motions at Dkts. 12, 14, and 24, to CLOSE the case, to mail a copy of this Order to Plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

**Date:  March 19, 2024**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**